Pearson, C. J.
 

 It is a general rule that one who undertakes, collaterally, to pay a debt, is not liable to an action, unless he has notice of the failure to pay by the party who is primarily liable, -as in the case of a guarantor, or the maker of a bill of exchange, or the endorser of a bill or promissory note, or a surety in respect to a co-surety.
 

 This rule is founded, not merely on the consideration, that the party, thus secondarily liable, is entitled to notice, in order that he may take measures to indemnify or secure himself, but on the further ground, that one ought not to be sued or subjected to the payment of costs, unless he is in default, by neglecting or refusing to pay a debt after he has received notice of the default of the party who was bound to pay in the first instance ; for, until notice, he may reasonably presume that the debt has been ¡raid, and, consequently, is not in default. • ■
 

 We are not awmre of any authority for making an exception to this rule, where the party, primarily liable, is insolvent, either at the date of the original transaction, or becomes so afterwards, and it is clearly against principle and, iir conflict with one of the grounds on which the rule is founded. Indeed, in all of the cases, the necessity of giving notice, is treated as a condition precedent to the liability of the party who is to become bound in the second instance, which is in
 
 *408
 
 no case dispensed with, except on the ground of fraud ; as if one draws a bill without having funds in the hands of the drawee ; Parsons on Contracts, 504;
 
 Spencer
 
 v. Carter, 4 Jones’ Rep. 288.
 

 This Court is of opinion that the plaintiff could not sustain his action without proof that he had given notice to the defendant of the default of John B. Woodfin, so as to have offered an opportunity to the defendant of paying the debt without cost, and putting him in default by failing to do so.
 
 Venire tie novo.
 

 Per Curiam,
 

 Judgment reversed.